**In the Matter of B. William KEITHLEY.**

No. 982S338.

Supreme Court of Indiana.

March 9, 1983.

B. William Keithley, pro se.

Sheldon A. Breskow, Executive Secretary, Martha S. Hoover, Staff Atty., Indianapolis, for The Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission and the Respondent in this case, B. William Keithley, have entered into and now tender to this Court a Statement of Circumstances and Conditional agreement for Discipline, all pursuant to Ind.R.A.D. 23, Section 11(d). The Respondent has further submitted his affidavit as required by Ind.R.A.D. 23, Section 17(a).

Having considered the agreement, this Court now finds that it should be approved. Accordingly, we find that the Respondent represented Patricia Rhodes in a dissolution for marriage action which he filed on her behalf on or about July 10, 1981. On at least two occasions prior to the final disposition of the proceeding, Patricia Rhodes informed the Respondent that, after her dissolution became final, she wished to petition the Court to obtain custody of her daughter of her first marriage to Ronald Vest. She made an appointment with the Respondent for October 21, 1981, to sign the necessary papers for the petition for change of custody in the Hendricks Superior Court No. 1.

On or about October 20, 1981, Robert Vest retained the Respondent to enforce the custody order in the above mentioned cause in Hendricks Superior Court against

Patricia Rhodes. The Respondent prepared a Petition for Contempt Citation on behalf of Vest and, on October 21, 1981, as Patricia Rhodes arrived in his office for her appointment, the Respondent served her with this petition. The Respondent did not withdraw from representing Vest until after Patricia Rhodes, by counsel, filed a petition to disqualify him.

We conclude that the Respondent failed to decline proffered employment when the exercise of his independent professional judgment on behalf of a client was likely to be adversely affected and he thereby violated Disciplinary Rule 5–105(A). By continuing in such multiple employment under the same circumstances, the Respondent further violated Disciplinary Rule 5–105(B) of the *Code of Professional Responsibility for Attorneys at Law.*

The Respondent's conduct, as set out above, establishes an extremely serious violation of the ethical standards governing multiple representations. It is not merely inadvertent or misguided dual representation of conflicting interests. The Respondent not only changed sides in a sensitive issue of child custody between two parents, but he did so in a particularly callous and reprehensible manner by serving his client in his own office during her appointment. This conduct demonstrates a disdainful indifference of fiduciary duties.

Accepting the agreement of the parties, this Court hereby reprimands and admonishes the Respondent, B. William Keithley, for the misconduct found under this cause.

Costs of these proceedings are assessed against the Respondent.